**FILED**
CLERK, U.S. DISTRICT COURT

12/14/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___cd___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:22-cr-00588-DSF |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud; 21 U.S.C. §§ 331(a), 352(a)&(o), 333(a)(2): Introduction and Delivery of a Misbranded Medical Device into Interstate Commerce; 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C. § 2461(c): Forfeiture] |
| KAMBIZ YOUABIAN, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1341, 2]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant KAMBIZ YOUABIAN was a medical doctor, licensed in California, who resided and worked in Los Angeles, California.

2. The U.S. Food and Drug Administration ("FDA") was an agency of the United States responsible for, among other things, ensuring the safety and efficacy of medical devices.

3. Ulthera Inc. ("Ulthera") was the manufacturer of a Class II FDA-cleared device called the "Ulthera System," an ultrasound device

used to tighten the skin of dermatology patients. One component of the Ulthera System was the Ulthera transducer ("transducer"), which delivered the ultrasound energy and was applied directly to the patient's skin. Transducers used in the Ulthera System were designed to provide no more than 2,400 dosage lines of treatment. After 2,400 dosage lines of treatment, the transducer was considered depleted. As reflected in the device instructions, once depleted the transducer was to be disposed of in accordance with health code regulations.

4. Merz North America Inc. ("Merz") was the exclusive U.S. distributor of Ulthera lasers and Ulthera transducers. Merz only sold new transducers.

5. Cynosure LLC ("Cynosure") was the sole U.S. distributor of SculpSure PAC keys, USB-capable devices used to activate SculpSure machines, which were FDA-cleared laser devices intended to reduce fat on medical patients.

6. Global Electronic Supplies ("GES") was a company operating in Los Angeles, California, through which defendant YOUABIAN purchased depleted transducers and sold counterfeit PAC keys to victim medical providers ("the victim providers"). GES was not registered to do business in any state.

7. Thermagen was a company operating in Los Angeles, California, through which defendant YOUABIAN sold misbranded and adulterated transducers to the victim providers that were falsely marked as new Ulthera transducers. Thermagen was not registered to do business in any state.

8. MSY Technologies Inc. ("MSY Technologies") was an entity defendant YOUABIAN incorporated in California that did business as

Thermagen and GES. Defendant YOUABIAN served as the Chief Executive Officer, Chief Financial Officer, and Secretary of MSY Technologies.

B.   THE SCHEME TO DEFRAUD

9.   Beginning no later than March 2016 and continuing through at least June 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant YOUABIAN, together with others known and unknown to the United States Attorney, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the victim providers and others, and to obtain money and property from the victim providers, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

10.   The fraudulent scheme operated, in substance, as follows:

a.   Through GES, defendant YOUABIAN purchased depleted transducers for nominal amounts of money, often $50. To conceal his role in GES, defendant YOUABIAN operated GES using stolen and fictitious identities ("the illicit identities").

b.   Defendant YOUABIAN then remanufactured and caused the remanufacturing of those depleted transducers. Defendant YOUABIAN also added and caused to be added to the transducers fabricated serial numbers to conceal that the transducers were used and depleted by making the transducers appear new.

c.   Defendant YOUABIAN, doing business as Thermagen, fraudulently marketed and sold, and caused to be fraudulently marketed and sold, the remanufactured transducers to the victim providers and other victim customers as "new" Ulthera transducers with 2,400 remaining dosage lines of treatment.

   d. To conceal his connection to Thermagen, defendant YOUABIAN used the names of fabricated Thermagen employees on correspondence with the victim providers and used out-of-state commercial mailboxes as Thermagen's return address on shipments.

   e. Defendant YOUABIAN caused the victim providers to send payment for the transducers via Paypal and Square accounts defendant YOUABIAN controlled.

   f. Using the United States Postal Service ("USPS"), defendant YOUABIAN, doing business as Thermagen, shipped and caused the shipping of the misbranded and adulterated transducers to the victim providers.

   g. Through GES, defendant YOUABIAN also fraudulently marketed and sold counterfeit PAC Keys to victim providers.

   h. Defendant YOUABIAN shipped GES's counterfeit PAC keys to the victim providers through USPS and directed payments for those counterfeit PAC keys to payment processing accounts defendant YOUABIAN controlled.

   i. Defendant YOUABIAN remitted fraudulent proceeds from the sale of misbranded and adulterated medical devices to bank accounts defendant YOUABIAN controlled, including accounts defendant YOUABIAN opened in the names of MSY Technologies, MSY Property Investments LLC, defendant YOUABIAN's au pair, and defendant YOUABIAN.

B. <u>USE OF THE MAILS</u>

  11. On or about February 20, 2020, within the Central District of California, and elsewhere, defendant YOUABIAN, for the purpose of executing the above-described scheme to defraud, willfully caused and aided and abetted his co-schemers to willfully cause a used and

4

remanufactured Ulthera transducer bearing false serial number 20M011610096, which defendant YOUABIAN falsely represented to be new, to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon.

                              COUNT TWO

              [21 U.S.C. §§ 331(a); 352(a), (o); 333(a)(2)]

A.    INTRODUCTORY ALLEGATIONS

      12.   The United States Attorney realleges paragraphs 1 through 8 and 10 of this Information here.

B.    INTRODUCTION AND DELIVERY OF MISBRANDED MEDICAL DEVICE

      13.   On or about February 20, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KAMBIZ YOUABIAN, doing business as Thermagen, with the intent to defraud and mislead, introduced, and caused to be introduced, into interstate commerce a used and remanufactured Ulthera transducer, which was a device within the meaning of 21 U.S.C. § 321(h), and which was misbranded within the meaning of 21 U.S.C. § 352(a), in that its labeling was false and misleading because such labeling indicated that the device was "new," and 21 U.S.C. § 352(o), in that the device was manufactured, prepared, propagated, compounded, and processed in an establishment not duly registered with the FDA as required under 21 U.S.C. § 360.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

7

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

          E. MARTIN ESTRADA
          United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

GREGORY BERNSTEIN
Assistant United States Attorney
Major Frauds Section